New York County.—Hon. D. G. ROLLINS, Surrogate.—June, 1887.

Matter of Cooper.

*In the matter of the estate of* George Cooper, *deceased.*

Testator, by his will bequeathed to Lizzie C. Williams "all the furniture, bedding, ornaments and *paraphernalia*" of which he died possessed.—
*Held*, that a watch and a few articles of clothing and jewelry, which the inventory disclosed, were the *paraphernalia*, to which the legatee was entitled.

Settlement of decree, upon judicial settlement of account of executor of decedent's will.

P. J. Joachimsen, *for executor.*

Butler, Stillman & Hubbard, *for widow.*

Elbert Crandall, *for L. C. Williams.*

The Surrogate.—This testator has bequeathed to Miss Williams " all the furniture, bedding, ornaments and paraphernalia" of which he died possessed. The

only other dispositive provisions of his will are a bequest to the same legatee of $2,500 in money and the gift to his wife of his entire residuary estate. It appears from the inventory that the testator left a watch and a few articles of clothing, jewelry and personal ornaments, which counsel for Miss Williams claims to be included in the term " paraphernalia."

In its strict legal sense, that term has no possible application to the property of a *man;* its meaning in common parlance is so vague and indefinite that it may justly be said to be incapable of precise definition. Etymologically the word means " beyond or besides dower." By the civil law a woman was not constrained to bring her whole substance as a portion to her husband; she could retain a part of it, and that part was called her *paraphernalia.* In England, the expression paraphernalia was formerly understood to cover such jewels, wearing apparel and personal ornaments, worn by a woman during her marriage, as were suitable to the quality and station in life of her husband. These she could claim after his death against all persons except his creditors (2 Burns Ecc. Law, 456).

Applying the doctrine of *noscitur a sociis* to the testamentary provision here in question, it seems reasonable to suppose that if the testator meant anything by the word " paraphernalia," in making a bequest of his "furniture, bedding, ornaments *and* paraphernalia," he meant such jewels, apparel and personal ornaments as he might leave at his death, or such of them at least as were suitable to his station in life and his circumstances. If suitability to circumstances is an

element worthy consideration, I cannot doubt that, in view of the value of this testator's estate, his indulgence in watches, jewelry, coats, trousers, etc., etc., was modest and unassuming.

The decree may provide for the delivery of these paraphernalia to Miss Williams.